UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT STRICKLAND, an individual, and MARVELOUS STRICKLAND, an individual,<br><br>      Plaintiffs,<br><br> v.<br><br>BAE SYSTEMS TACTICAL VEHICLE SYSTEMS, LP, a Delaware Limited Partnership authorized to do business in the State of Texas; ALAN STALLINGS, an individual; GUS SALDIVAR, an individual; and DOES 1 through 20,<br><br>      Defendants. | Case No. 4:13-cv-00148-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Dismiss (Dkt. 5). Plaintiffs Robert and Marvelous Strickland brought this suit against BAE Systems Tactical Vehicle Systems, LP ("BAE-TVS"), a Delaware limited partnership doing business in Texas; Alan Stallings, a resident of Texas; and Gus Saldivar, also a resident of Texas, to redress torts the defendants allegedly committed in Kuwait. The defendants argue that the Court lacks personal jurisdiction over them, and move to dismiss this case. Because the Stricklands have not shown that any of the defendants have sufficient minimum contacts with Idaho, the Court agrees that it does not have personal jurisdiction over the defendants. However, rather than dismiss this case, the Court grants the Stricklands'

request to transfer this case to the U.S. District Court for the Southern District of Texas, where jurisdiction is proper.

## BACKGROUND

BAE-TVS is a Delaware limited partnership licensed to do business in Texas. BAE-TVS produces and services armored combat and tactical vehicles for the U.S. military.  Although the record is not entirely clear, it appears that BAE-TVS is part of BAE Systems, Inc.'s ("BAE Systems") family of military support businesses.  *See Lacy-Crow Aff. I*, dkt. 6-4, ¶2.  Also within BAE Systems' family are BAE Systems Technology & Services Inc. ("BAE-TSS") and BAE Systems Information Solutions Inc. ("BAE-IS").  *See Lacy-Crow Aff. II*, dkt. 15-1, ¶¶ 2-3.

BAE-TSS is a Delaware corporation which "provides a range of technical and engineering services" to meet the Defense Department's and federal agencies' "needs in readiness and sustainment and operational support across the land, aviation, maritime and C4ISR domains."  *Id.* ¶5.  BAE-IS is a Virginia corporation which manages network and IT operations for its government customers.  Both BAE-TSS and BAE-IS are registered to do business in Idaho.  However, neither BAE-TSS nor BAE-IS produces or services armored vehicles, and they do not share management or employees with BAE-TVS.

Currently, Robert Strickland and his wife Marvelous reside in Blackfoot, Idaho. Strickland[1] is a certified welding inspector, and beginning in March, 2012, BAE-TVS

---

[1] Unless otherwise noted, the Court uses the surname Strickland to refer only to Robert Strickland.

contracted[2] with Robert to inspect the welds on the armored vehicles that BAE-TVS was servicing for the military in Kuwait.[3]  This position required Strickland to be stationed in Kuwait throughout his employment with BAE-TVS.

While in Kuwait, Strickland lived with Allan Stallings, his immediate supervisor, in an apartment arranged for by BAE-TVS.  Stallings is openly gay.  According to the first amended complaint, upon Strickland's arrival in Kuwait, Stallings "immediately" began making sexual advances toward Strickland and engaged in other harassing behavior.  When Marvelous, who was Strickland's fiancée at the time, visited Strickland, Stallings directed his allegedly inappropriate behavior toward her as well.

Despite Strickland's requests for Stallings to stop the alleged harassment, Stallings persisted in his course of behavior.  As a result, Strickland took his case to BAE-TVS's Kuwait site lead, Gus Saldivar.  Saldivar told Strickland that Stallings' conduct would not be tolerated and that he would arrange for an alternative residence for Strickland during the remainder of his stay in Kuwait. Shortly after the meeting with Saldivar, Strickland left Kuwait for the Philippines on an approved vacation, so that he and Marvelous could wed.  During his trip, Strickland received an email from BAE-TVS terminating his employment.

After exhausting his case with the EEOC and receiving his right-to-sue letter on November 21, 2012, the Stricklands filed suit against BAE-TVS, Stallings, and Saldivar

---

[2] The record does not disclose where the contract was entered into.
[3] Robert claims that he was BAE-TVS's employee during this time, a conclusion that BAE-TVS disputes. For the purposes of this motion, the Court accepts without deciding the assertion that Robert was BAE-TVS's employee.

in Idaho state court.  Robert Strickland alleges four claims under Title VII of the Civil Rights Act, one claim of assault and battery, and one claim of intentional infliction of emotional distress.  Marvelous Strickland alleges one claim of assault, one claim of sexual harassment, and one claim of intentional infliction of emotional distress.  All of the Stricklands' claims stem from the events in Kuwait.

The defendants removed the case to this Court.  They now move to dismiss the case for (1) lack of personal jurisdiction and (2), in the event the Court determines that the defendants are subject to its jurisdiction, for failure to state a claim.  The Stricklands argue that BAE-TVS is subject to this Court's jurisdiction but do not argue that Stallings and Saldivar may be sued in Idaho.  The Stricklands request that, in the event the Court concludes that it does not have personal jurisdiction over BAE-TVS, the Court transfer the case to the U.S. District Court for the Southern District of Texas.  It is uncontested that the Southern District of Texas has jurisdiction over all of the defendants.

Although the defendants request a hearing, the Court concludes that the parties' motions are suitable for resolution without a hearing.  As explained below, the Court agrees that it lacks personal jurisdiction over all of the defendants.  However, because Strickland would likely be time barred from refiling his Title VII claims if the Court were to dismiss this case, the Court will transfer this case to the Southern District of Texas.

## ANALYSIS

### 1. Personal Jurisdiction

On the defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Stricklands bear the burden of showing that the Court has jurisdiction over the defendants. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because there has not been an evidentiary hearing on the matter, the Stricklands may carry their burden by making a prima facie showing that the Court has jurisdiction. *Id.* Although the Stricklands cannot meet their burden by "simply rest[ing] on the bare allegations" in their complaint, the Court accepts as true the uncontroverted allegations in the Stricklands' complaint. *Id.* (internal quotation mark omitted). Furthermore, conflicting statements in the parties' affidavits will be resolved in the plaintiffs' favor. *Id.*

Because there is no federal statute which controls the Court's personal jurisdiction in this matter, the Court applies the law of Idaho. *See Fed. R. Civ. Pro.* 4(k)(1)(A); *Schwarzenegger*, 374 F.3d at 800. Idaho's long arm statute is coextensive with the limits of due process. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Thus, the only question is whether the constitutional standard is met in this case. *Schwarzenegger*, 374 F.3d at 800.

The Due Process Clause of the Fourteenth Amendment allows state courts, and therefore this Court, to exercise personal jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts with [the state] such that the maintenance of

the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). "Endeavoring to give specific content to [*International Shoe*'s] 'fair play and substantial justice'" standard, the Supreme Court has recognized two categories of cases in which personal jurisdiction exists over a foreign defendant. *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 131 S. Ct. 2846, 2853 (2011). First, a court has specific jurisdiction over a defendant when the defendant's actions within the forum state give rise to the cause of action. *Id.* Second, where a defendant's contacts with the forum are "continuous and systematic," courts may exercise general jurisdiction over the defendant "on causes of action arising from dealings entirely distinct from [the defendant's in-state] activities." *Id.* (internal quotation mark omitted).

### A. *Personal Jurisdiction Over BAE-TVS*

The Stricklands do not contend that BAE-TVS is subject to this Court's specific jurisdiction. Nor do they contend that BAE-TVS itself has sufficient contacts with Idaho to be subject to this Court's general jurisdiction. Instead, the Stricklands argue that this Court has jurisdiction over BAE-TVS because BAE-TSS and BAE-IS are BAE-TVS's agents and are subject to this Court's general jurisdiction.

Under the agency theory of personal jurisdiction, the Stricklands bear the burden at three steps. First, they must establish that BAE-TSS and BAE-IS are subject to this Court's general jurisdiction. *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 424 (9th Cir. 1977). Second, they must establish that BAE-TSS and BAE-IS

perform "sufficiently important" services for BAE-TVS.  *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 920 (9th Cir. 2011).  Third, the Stricklands must show that BAE-TVS exercises "an element of control" over BAE-TSS and BAE-IS.  *Id.*  If the Stricklands carry their burden on the first three steps, the burden shifts to BAE-TVS "to present a compelling case that jurisdiction would be unreasonable."  *Id.* at 924 (internal quotation mark and emphasis omitted).  It is unnecessary to reach the final step in the analysis here because the Court concludes that the Stricklands have not carried their burden at any of the first three steps.

### *(1) The Stricklands Have Not Shown that BAE-TSS and BAE-IS are Subject to the Court's General Personal Jurisdiction.*

The Stricklands' argument that BAE-TSS and BAE-IS are subject to this Court's general jurisdiction rests solely on the fact that both corporations appointed registered agents and are licensed to do business in Idaho.  BAE-TVS responds by citing to several cases decided by courts outside of the Ninth Circuit which held that a foreign corporation does not expose itself to a court's general jurisdiction merely by registering to do business in a state.  Neither party is entirely correct about the relevant law, although BAE-TVS is correct about the result in this case.

Whether a foreign corporation subjects itself to the general jurisdiction of the courts within a state simply by appointing a registered agent to accept service of process within that state is a question of state law.  *King v. Am. Family Mutual Ins. Co.*, 632 F.3d 570, 575 (9th Cir. 2011).  A state may require a foreign corporation to consent to the state's courts' general jurisdiction as a condition of doing business within that state

without running afoul of the Constitution.  *Id.* at 574 (citing *Pa. Fire Ins. Co. of Phila. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 96 (1917)).  However, unless the registered agent statute clearly goes that far, or the state's courts have construed the statute as going that far, the default rule is that "the appointment of an agent for the service of process is, by itself, insufficient to subject foreign corporations to suits for business transacted elsewhere."  *Id.* at 575.

The Court could not locate Idaho Supreme Court precedent on the issue, but in *Nelson v. World Wide Lease, Inc.*, the Idaho Court of Appeals considered the effect of Idaho's registered agent statute in a case in which a resident of Oregon, Nelson, sued a Washington corporation, World Wide, in Idaho over events that occurred in Nevada.  716 P.2d 513, 516 (Idaho Ct. App. 1986).  The dispute arose when World Wide allegedly wrongfully repossessed irrigation equipment it leased to Nelson.  *Id.* at 515.  The *Nelson* court held that because the cause of action involved a dispute over a lease similar to those that World Wide entered into in Idaho and World Wide appointed a registered agent in Idaho, the Idaho courts had personal jurisdiction over World Wide.  *Id.* at 517.  Thus, the rule in Idaho is that "the assertion of personal jurisdiction over a foreign corporation in an action arising out of a transaction similar-but not related-to other contacts with Idaho [is valid if] the corporation ha[s] appointed a statutory agent to receive process in Idaho." *Donaldson v. Donaldson*, 729 P.2d 426, 432 (Idaho Ct. App. 1986).

In support of their argument, the Stricklands submitted two printouts from the Idaho Secretary of State's website showing that BAE-TSS and BAE-IS have registered

agents in Idaho and have filed annual reports with the Secretary of State.  Dkt. 10-1 Exs.

D, E.  BAE-TSS began filing annual reports in 1995 and filed its last report in 2012.  *Id.*

Ex. E. BAE-IS began filing annual reports in 2008 and filed its last report in January,

2013.  The substance of those reports is not in the record.  As *Nelson* establishes, the fact

that both corporations have registered agents in Idaho, standing alone, is not enough to

establish general jurisdiction over the corporations.  Furthermore, the Stricklands have

not made a prima facie showing that BAE-TSS and BAE-IS actually conduct business in

Idaho.  Therefore, the Stricklands have not shown that either BAE-TSS or BAE-IS are

subject to this Court's general jurisdiction.

> **(2)** ***The Stricklands Have Not Shown that BAE-TSS and BAE-IS Perform
> "Sufficiently Important" Services for BAE-TVS or that BEA-TVS has
> Control Over BAE-TSS or BAE-IS.***

Even assuming arguendo that this Court has jurisdiction over BAE-TSS and BAE-

IS, the Stricklands have not demonstrated that either corporation is BAE-TVS's agent for

the purposes of personal jurisdiction. To establish the necessary agency relationship, the

Stricklands must show that (1) either BAE-TSS or BAE-IS "performs services that are

sufficiently important to [BAE-TVS] that if it did not have a *representative* to perform

them, [BAE-TVS] would undertake to perform substantially similar services," and (2)

BAE-TVS exercises control over the corporation performing those services.  *Bauman,*

644 F.3d at 920, 922-23 (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001)

(per curiam)).  It is only where both prongs are satisfied that, "in the truest sense, the

[agent's] presence substitutes for the presence of the parent." *Unocal*, 248 F.3d at 929 (internal quotation mark omitted).[4]  Here, neither prong is satisfied.

Nothing in the record shows that BAE-TSS or BAE-IS perform any services on behalf of BAE-TVS.  Rather, the three entities perform distinct services for their military clients.

Moreover, BAE-TVS does not appear to have any control over BAE-TSS or BAE-IS.  There is no overlap in management between BAE-TVS and the two corporations.  At best the record shows that the three entities are affiliated through BAE-Systems, Inc.  Merely being affiliated with each other is not enough to impute the corporations' contacts to BAE-TVS.  *See id.* at 925 ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.").  Therefore, the Stricklands have not shown that this Court has personal jurisdiction over BAE-TVS.

### B.  *Personal Jurisdiction Over Stallings and Saldivar*

The Stricklands do not contend that either Stallings or Saldivar are subject to the Court's jurisdiction. While the Court could rest its conclusion on that failing alone, it is

---

[4] BEA-TVS argues that the Stricklands cannot carry their burden because BEA-TSS and BAE-IS are not BAE-TVS's subsidiaries.  Standing alone, that fact is not enough.  The agency test, as the name suggests, is not only applicable in cases involving parent-subsidiary corporate relationships.  *See Wells Fargo*, 556 F.2d at 421 ("[I]t is clear that whether the alleged general agent was a subsidiary of the principal or independently owned is irrelevant."); *see also id.* at 419 ("There appears to be no reason why a completely independent, in-state corporation cannot be held to have acted as an agent for another, out-of-state corporation in performing activities giving rise to a cause of action, and establishment of the requisite 'agency' control may be even easier when a parent-subsidiary relationship is involved." (citations omitted)).

MEMORANDUM DECISION AND ORDER - 10

worth noting that there is no allegation that either individual has even set foot in Idaho, much less maintained "minimum contacts" with the state.  Dkt 6-5, 6-6. Thus, the Court does not have personal jurisdiction over Stallings and Saldivar.

## 2.  The Stricklands' Transfer Request

The Stricklands request that, in lieu of dismissal, the Court transfer this case to the Southern District of Texas pursuant to 28 U.S.C. §§ 1406(a) & 1631.  The meat of the matter is that Robert Strickland's Title VII claims will likely be barred if the case is dismissed because more than ninety days have passed since he received his right-to-sue letter from the EEOC.  *See Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992).

In opposition, the defendants argue that transferring the case would not serve the interests of justice because it was or should have been clear to the Stricklands that none of the defendants could be sued in Idaho.  The defendants support their argument with *Coté v. Wadel*, 796 F.2d 981 (7th Cir. 1986), in which Judge Posner responded to a similar situation:

> If [the plaintiff's] mistake were one easy to commit, the penalty [of dismissal] might be so disproportionate to the wrong that it would have to be reversed, as a clear abuse of discretion. But the mistake was elementary. . . . The proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one. . . . If the result in the present case seems harsh, that is because the costs to [the plaintiff] are palpable while the benefits are largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction.

*Id.* at 985; *see also Stanifer v. Brannan*, 564 F.3d 455, 457 (6th Cir. 2009); *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992).  Judge Posner's concerns are valid, and the defendants' position is sympathetic.  But requiring Robert Strickland to risk losing his opportunity to have a court consider the merits of his claims asks for too much in this case. Personal jurisdiction questions are not always easy to determine at the outset of a case. Accordingly, the Court does not find that dismissing the case outright fulfills the interests of justice. Therefore, the Court will transfer the case to the Southern District of Texas.

**ORDER**

**IT IS ORDERED THAT:**

1.      Plaintiff's Motion for to Transfer (Dkt. 10) is **GRANTED**.

2.      Defendant's Motion to Dismiss (Dkt.  5) is **DENIED**.

3.      The Clerk of the Court shall transfer this case to the United States District Court for the Southern District of Texas.

DATED: June 10, 2013

_____

B. Lynn Winmill
Chief Judge
United States District Court